

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-14-216

| | | |
|---|---|---|
| CLINT BEAVERS | APPELLANT | **Opinion Delivered** February 25, 2015 |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR 2012-65-I] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | | AFFIRMED |

**RITA W. GRUBER, Judge**

Appellant Clint Beavers was convicted by a jury of raping a thirteen–year–old girl. His sole point on appeal is that the trial court erred in failing to suppress a statement to a child–maltreatment investigator because the statement was involuntary. We hold that the trial court's findings are not clearly against the preponderance of the evidence and affirm its decision.

Appellant filed a pretrial motion to suppress a statement that he had given to investigator Sarah Longtin Brady, alleging that the statement had been made without the benefit of *Miranda* warnings or the advice of counsel and violated Rules 2.2 and 2.3 of the Arkansas Rules of Criminal Procedure, the Arkansas Constitution, and the United States Constitution. After a hearing on the issue, the trial court denied appellant's motion, finding that appellant was not in custody during the interview; that Brady was not a "law enforcement officer" and therefore Rules 2.2 and 2.3 of the Arkansas Criminal Rules of

Procedure did not apply to her; and that the totality of the circumstances established that appellant was within his rights not to come to the interview and was free to leave at any time.

In cases involving a ruling on the voluntariness of a confession, this court makes an independent determination based upon the totality of the circumstances. *Clark v. State*, 374 Ark. 292, 299, 287 S.W.3d 567, 572 (2008). We review the trial court's findings of fact for clear error, and the ultimate question of whether the confession was voluntary is subject to an independent, or de novo, determination by this court. *Id.* Any conflicts in testimony are for the trial court to resolve, as it is in a superior position to determine the credibility of the witnesses. *Clark v. State*, 2014 Ark. App. 349, at 5.

On appeal, appellant does not challenge the court's finding that his statement was noncustodial; rather, he argues that his statement was involuntary and that the trial court should have suppressed it. *Miranda* warnings are required only in the context of a custodial interrogation. *Hall v. State*, 361 Ark. 379, 387, 206 S.W.3d 830, 836 (2005).

Appellant gave his statement to Sarah Brady, a child-maltreatment investigator with the Crimes Against Children Division of the Arkansas State Police. Brady testified that she was not a law-enforcement officer, had no law-enforcement training, did not have authority to make arrests, and did not carry a gun. The interview stemmed from a call to the child-abuse hotline. Brady testified that appellant was not in custody when she interviewed him and that he had come to the police station after she had called him the previous day and asked him to come discuss "some allegations." Brady also notified appellant's father of her desire to question appellant. Appellant wanted his father to be present during the interview, but Brady

denied his request because appellant was an adult. She did not recall whether appellant's father asked if they should have a lawyer present for the interview. She also testified that appellant never said he wanted an attorney or invoked his right to remain silent. Appellant's father testified that he never spoke with Brady about having an attorney at the interview.

Appellant testified that Brady told him that she wanted to talk to him about an accident when she called him. Appellant had been in a car accident several weeks before the interview. He claimed he did not understand what the interview was about until he spoke on the phone with Brady while on the way to the police station. He said that Brady did not have a gun or a badge and that he was not handcuffed. He testified that he left immediately after the interview and was not arrested until a month or two later. He did say that Brady told him that he would be in contempt of court if he did not come to the interview, although Brady testified that she had never told anyone they would be in contempt if they did not speak with her. Finally, appellant testified that he asked Brady if he needed a lawyer before they began the interview and she told him he did not. He admitted that he did not say that he wanted an attorney present.

In the transcript of the interview, appellant did not mention the need for a lawyer until after he had admitted that the allegations were true. He asked, "[A]m I gonna need a lawyer or what?" Brady responded, "I can't give you legal advice. I don't—you know. But if [you] feel like you need to get an attorney." Appellant then said that he had already talked to one. Toward the end of the interview, appellant asked Brady if he would "get in trouble because of this or what" and said that he did not know what to do. Brady told him that the file would

3

go to the prosecutor's office and it would be up to the prosecutor.

To support his argument that his confession was involuntary, he argues that Brady misrepresented facts: claiming that they possessed DNA when they did not; saying that the victims alleged force when they did not; and telling appellant that the age of consent in Arkansas was fourteen (the age he claimed to have thought the victims were) when Brady knew it was untrue. Appellant claims Brady lied to get him to admit to having had consensual sex with the victims. Even if Brady had been a police officer, the fact that a police officer made an untrue statement during the course of an interrogation does not make an otherwise voluntary confession inadmissible. *Goodwin v. State*, 373 Ark. 53, 61, 281 S.W.3d 258, 265 (2008). A misrepresentation of fact does not render a statement involuntary as long as it was not calculated to procure an untrue statement. *Id.* In this case, Brady was attempting to get appellant to tell the truth, not to procure an untrue statement. Appellant does not argue that he was otherwise coerced, intimidated, or deceived into admitting his actions.

Viewing the totality of the circumstances, we hold that appellant's confession was not involuntary and that the trial court's denial of the motion to suppress was not clearly against the preponderance of the evidence.

Affirmed.

GLOVER, J., agrees.

VIRDEN, J., concurs.

**BART F. VIRDEN, Judge, concurring.** I agree that the case should be affirmed. I agree with the trial court and this court that Beavers's statement was admissible at trial.

Beavers acknowledges he was not "in custody" when he gave the statement. As such, there was no requirement to advise him of his Fifth Amendment right to remain silent. *Miranda v. Arizona*, 384 U.S. 436 (1966). However, I write separately in this concurrence to address an unsettling situation that is highlighted by this case.

The trial court denied Beavers's motion to suppress based on the finding that Beavers was not in custody and the conclusion that Sarah Longtin Brady, a child-maltreatment investigator with the Crimes Against Children Division of the Arkansas State Police, was not a law-enforcement officer, and hence was not under a duty to comply with criminal procedure or constitutional safeguards when questioning Beavers. It is on this second point that I disagree. I believe that in instances such as this, where the State has created a "hybrid investigator,"[1] that person is, to all appearances, part of law enforcement, and her methods of investigation should be conducted accordingly.

In this instance, Brady testified:

- that she was employed by the Crimes Against Children Division *of the Arkansas State Police*;

- that she was paid as a State Police employee;

- that she called Beavers from Arkansas State Police Headquarters, Troop K;

- that she identified herself to Beavers as an investigator with the Arkansas State

---

[1]The General Assembly has authorized the Department of the Arkansas State Police to create a Crimes Against Children Division, consisting of an investigation section that is staffed with civilian personnel. Ark. Code Ann. §§ 12-8-501(b)(1)–502(b)(1) (Repl. 2009).

Police; and

• that she interviewed Beavers at the State Police Headquarters, Troop K.

The State takes the position that Brady "can't charge" anybody with a crime and thus it is clear she is not a law-enforcement officer. But, in fact, she was gathering evidence in her investigation of an alleged crime, which she turned over to the prosecutor, and which resulted in criminal charges against Beavers. The United States Supreme Court has addressed the application of *Miranda* in questioning by nonpolice officers. Most notably, and analogous to this case, is *Minnesota v. Murphy*, 465 U.S. 420 (1984). The court found that when the defendant was questioned by a parole agent, *Miranda* warnings were not required because the defendant *was not in custody*. The court specifically noted, however, that "[a] different question would be presented if he had been interviewed by his probation officer while being held in police custody." *Id*. at 430 n. 5. Here, Brady had all the trappings of law enforcement, which no doubt is an asset in investigating these important and serious cases. However, the investigator should not be allowed to circumvent constitutional safeguards simply by a statement on the back of her identification card that states, "Cardholder is not a Police Officer."

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.